# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| MICHAEL SHANE BELL, | : | |
| Plaintiff | : | |
| VS. | : | |
| Investigators DAVID HUTSELL, MIKE SELLARS, EDWARD CHRISTIAN, THOMAS JACKSON, Sergeant TYLER GREEN, LT. JACK WINNINGHAM, Staff Sergeant FRANK SWANSON, Ass't DA J. BENNETT THRELKELD, STATE OF GEORGIA, LOWNDES CO. SHERIFF'S OFFICE, and Detectives ARCHIE TABOR and BILLIE J. MAESTAS, | : | NO. 7:09-cv-152 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **MICHAEL SHANE BELL**, an inmate at Central State Prison ("CSP"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has paid the required initial partial filing fee of $7.83, as previously ordered by this Court. Plaintiff is nevertheless obligated to pay unpaid balance of $342.17. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the CSP.

1

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

2

liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A shall be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff alleges that he was arrested in Lowndes County, Georgia, on April 21, 2009, and charged with possession and trafficking of marijuana. The Court takes judicial notice that on January 11, 2010, plaintiff ultimately pleaded guilty to criminal attempt to purchase marijuana, for which he was sentenced to 7 years imprisonment. (2009-CR-637A). This sentence is to run concurrently with a 15-year sentence (7 years imprisonment, 8 years probation) plaintiff received in Lowndes County for his December 18, 2009 convictions for possession with intent to distribute marijuana and obstruction of a law enforcement officer (2008-CR-546A).[1]

---

[1] The above facts were confirmed in a conversation between a staff attorney for this Court and personnel in the Clerk's Office of the Superior Court of Lowndes County. This Court may take judicial

Plaintiff claims that he was entrapped and was otherwise the victim of an illegal sting operation. He disputes the validity of the evidence against him. Plaintiff also complains about the search of his tote bag in which marijuana was discovered. Finally, plaintiff claims that he was defamed by a statement in an investigative report that Lowndes County authorities were "familiar with" plaintiff.

As relief, plaintiff seeks release from prison and compensatory damages.

## III. DISCUSSION

Most of plaintiff's claims for damages are barred by the Supreme Court's decision in ***Heck v. Humphrey***, 512 U.S. 477 (1994). In ***Heck***, the Supreme Court held:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

***Id.*** at 486-87. In other words, a prisoner cannot bring a section 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature. ***Id.***

Plaintiff's claims that he was entrapped and was subjected to an illegal sting operation, and that the evidence against him was insufficient, all call into question the validity of plaintiff's conviction. ***See e.g., Christy v. Sheriff of Palm Beach County, Fla.***, 288 Fed. App'x 658, 666 (11th

---

notice of state court proceedings and orders. ***United States v. Jones***, 29 F.3d 1549, 1553 (11th Cir.1994).

Cir. 2008) (affirming *Heck* dismissal because plaintiff's section 1983 claim of unlawful contingency fee agreement between sheriff and confidential informant, if proven, would demonstrate plaintiff was either factually innocent of drug charges or was entrapped, either of which would imply the invalidity of his conviction). Because plaintiff's conviction has not been reversed or overturned, *Heck* bars these claims.

The Eleventh Circuit has held that a claim of unlawful search is not necessarily barred by *Heck*. *See Hughes v. Lott*, 350 F.3d 1157, 1160-61 (11th Cir. 2003). Where the fruit of the search is the substance on which the plaintiff's conviction is premised, however, *Heck* bars an illegal search claim. *See Weaver v. Geiger*, 294 Fed. App'x 529, 533 (11th Cir. 2008); *Baxter v. Crawford*, 233 Fed. App'x 912, 916 (11th Cir. 2007) (barring a *Bivens* claim alleging illegal search and seizure for an individual convicted of cocaine distribution and possession, since such an action would attack the factual basis for his conviction). Even if *Heck* does not bar plaintiff's illegal search claim, he has alleged no compensable injury. *See Heck*, 512 U.S. at 487 n.7 ("In order to recover compensatory damages [based on an allegedly unreasonable search], the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the 'injury' of being convicted and imprisoned."); *see also Marshall v. City of New York*, 2010 WL 4739810 (S.D.N.Y. Nov. 17, 2010).

Plaintiff's claim for defamation is patently invalid. The statement in the investigative report that police were familiar with plaintiff is entirely consistent with plaintiff's prior Lowndes County arrest and conviction. Moreover, defamation alone does not state a constitutional claim. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Garcia v. Miami Police Dep't*, 336 F. App'x 858, 860 (11th Cir.

2009) ("[A]llegations of defamation, on their own, are insufficient to state a federal claim.").

The Court also notes that two of plaintiff's defendants, the State of Georgia and the Lowndes County Sheriff's Office, are not suable entities under section 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989) (state is not a "person" for purposes of section 1983 liability); ***Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Further, defendant Assistant District Attorney J. Bennett Threlkeld would be entitled to absolute immunity from any claim for damages for his conduct in "initiating a prosecution and in presenting the State's case." ***Imbler v. Pachtman***, 424 U.S. 409, 431 (1976).

Finally, plaintiff's claim for release from custody requires that he file a petition for writ of habeas corpus, following the exhaustion of his state court remedies. *See* ***Preiser v. Rodriguez***, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

## IV. CONCLUSION

Based on the foregoing, plaintiff's complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED**, this 30th day of March, 2011.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr